**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



VINCENT FORBES,

        Plaintiff - Appellant,

v.

COUNTY OF ORANGE,

        Defendant,

  and

DANIEL VILLA, Deputy,

        Defendant - Appellee.

No. 13-57189

D.C. No. 8:11-cv-01330-JGB-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted January 8, 2016
Pasadena, California

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,[**] Senior District Judge.

The district court did not abuse its discretion when it denied Vincent Forbes' request to introduce Edward Gonzales' deposition testimony at trial. *See Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 909 (9th Cir. 2008). Nor did the court abuse its discretion when it denied Forbes' motion for a new trial based on the same alleged error. *See Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003).

We will assume, without deciding, that the district court erred when it ruled that Gonzales had not been validly served with a trial subpoena. Forbes' counsel did not know at the time he served the subpoena on Gonzales that Gonzales would be out of custody on the date he had been subpoenaed to testify. As a result, it is unclear whether Forbes' counsel was required to tender witness fees at the time of service under Federal Rule of Civil Procedure 45(b)(1). *See* 28 U.S.C. § 1821(f).

Even assuming valid service of the subpoena, Gonzales' deposition testimony was not admissible under Federal Rule of Civil Procedure 32(a)(4)(D) or Federal Rule of Evidence 804(b)(1) unless Forbes demonstrated that Gonzales was "unavailable"—meaning that Forbes had not been able to procure Gonzales'

---

[**] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

attendance at the trial by subpoena or through other reasonable means. The district court permissibly concluded that Forbes failed to make this showing. Several weeks before trial began, Forbes learned that Gonzales would be released from custody and did not yet have a place to live. However, Gonzales informed Forbes' counsel that he thought he would be residing at a sober living facility run by Owens Place in either Huntington Beach or Costa Mesa. Before trial began, Forbes' counsel attempted to locate Gonzales and was unable to do so. When called upon to explain to the district court what efforts he had made to locate Gonzales, Forbes' counsel failed to assert that he had checked the most obvious location: the Owens Place facilities in Huntington Beach and Costa Mesa. Given that failure, the district court did not abuse its discretion in concluding that Forbes' counsel's other actions to locate Gonzales fell short of reasonably diligent efforts to secure the Gonzales' attendance.

For the same reason, the district court did not abuse its discretion in refusing to admit Gonzales' deposition testimony under Federal Rule of Civil Procedure 32(a)(4)(E). That provision requires a showing of "exceptional circumstances" that justify use of the deposition in lieu of live testimony. The district court permissibly concluded that Forbes' counsel failed to do as much as he should have done to ensure Gonzales' attendance at trial—in particular, looking for Gonzales at

the only location Gonzales had stated he might be found.  The inability to secure

Gonzales' live testimony at trial cannot be attributed to "exceptional

circumstances."

**AFFIRMED.**